UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. BURNAM,

    Plaintiff,

v.                                                          Case No. 8:21-cv-00772-CEH-SPF

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon the United States' Motion to Dismiss [Doc. 5]. In the Motion, Defendant contends that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim for relief. The Court, having considered the Motion and being fully advised in the premises, will GRANT Defendant's Motion to Dismiss.

    I.    **BACKGROUND**

On September 8, 2020, Plaintiff Michael A. Burnam filed a complaint in the Small Claims Division of the County Court for Pinellas County, Florida. [Doc. 2-1]. The form complaint asserts a claim for damages against Henry Owens for "obstructing [Burnam's] critical need to see [his] cardiologist." *Id.* Burnam sought judgment in the sum of $8,000 plus $300 in costs. *Id.* No other allegations are made by Burnam. However, he attached redacted medical records and several correspondences from Magellan Complete Care of Florida. [Doc. 2-5 at pp. 5-14, 15–20]. Three of the five

1

correspondences reference a grievance filed by Burnam on March 26, 2020, and the remaining two correspondences reference a grievance filed July 7, 2020. *Id.* at pp. 15-20. The first grievance relates to Burnam's request to see a doctor and the second grievance was that he was not happy with his doctor. *Id.* A grievance resolution letter was sent for each. *Id.*

On March 31, 2021, the United States removed the action to this Court, pursuant to 42 U.S.C. § 233(c), on Owens' behalf. [Doc. 2]. That same day, the United States moved to substitute itself as the proper defendant[1] [Doc. 4] and to dismiss the complaint [Doc. 5]. In its motion to dismiss, the United States argues that Burnam has failed to exhaust administrative remedies before bringing suit against a public health service employee and fails to state a claim for relief. [Doc. 5 at pp. 5–7]. Having not received a response to the motion from Burnam, the Court directed him, on May 10, 2021, to file a response by May 20, 2021. [Doc. 11]. To date, Burnam has not filed a response.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) sets forth several grounds on which a court may dismiss an action. Pursuant to Rule 12(b)(1), an action is subject to dismissal if subject-matter jurisdiction is lacking. "Subject-matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316, 126 S. Ct. 941, 950, 163 L. Ed. 2d 797 (2006). "Motions

---

[1] That motion was granted by endorsed order on May 6, 2021. [Doc. 10].

to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually." *Roberts v. Swearingen*, 358 F. Supp. 3d 1341, 1346 (M.D. Fla. 2019) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). "However, in a factual challenge to subject matter jurisdiction, a district court can consider extrinsic evidence such as deposition testimony and affidavits." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (quotation omitted). "In so doing, a district court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff." *Id.* (quotations omitted).

### III. DISCUSSION

Failure to Exhaust Administrative Remedies

The United States raises both a facial and a factual challenge to whether there is subject matter jurisdiction over Plaintiff's claim. Specifically, it argues that Burnam must submit an administrative tort claim with the U.S. Department of Health and Human Services (HHS) before bringing an action against an employee of a federally funded health center but has not done so. [Doc. 5 at pp. 3, 5-7]. As the United States points out, the Federal Tort Claims Act, 28 U.S.C.A. § 2671 *et seq.* ("FTCA"), provides a limited waiver of sovereign immunity and a basis for recovery for certain tort claims

against the United States. *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (stating that the FTCA is " 'a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government' ") (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir.1994)). In fact, the remedy provided by the FTCA is exclusive. *See* 42 U.S.C. § 233(a) (stating that "[t]he remedy against the United States provided by sections 1346(b) and 2672 of Title 28 . . . for damage for personal injury . . . resulting from the performance of medical . . . or related functions . . . by any . . . employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim").

"The FTCA establishes that as a prerequisite to maintaining a suit against the United States, a plaintiff must present notice of the claim to the appropriate federal agency." *Brown v. United States*, 838 F.2d 1157, 1160 (11th Cir. 1988). It specifically states that:

> <u>An action shall not be instituted</u> upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail</u>. The failure of an agency

4

> to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S. Code § 2675(a) (emphasis added). To satisfy this requirement, the plaintiff must first present notice of the claim through a Standard Form 95 or "other written notification of the alleged tortious incident to the appropriate federal agency." *Bello v. United States*, 757 F. App'x 819, 821 (11th Cir. 2018); *see* 28 C.F.R. § 14.2(a). In the event the agency fails to issue a formal denial within six months, the claimant may deem the claim denied and file suit. *See* 28 U.S.C. § 2675(a); *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("If the agency fails to make a 'final disposition of a claim within six months after it is filed,' the claimant may treat the lack of response as 'a final denial of the claim for purposes of this section.' ") (quoting *Turner*, 514 F.3d at 1200). However, if the agency issues a final denial, the claimant must file its complaint in federal court within six months, if reconsideration is not sought. *See* 28 U.S.C. 2401(b); 28 C.F.R. § 14.9; *Bello*, 757 F. App'x at 821.

Here, the Complaint is silent as to whether Burnam sought administrative relief before bringing the claim against Owens—which, under the FTCA, effectively was a claim against the United States. In addition, the United States has provided the Declaration of Meredith Torres, previously filed with the Court, that no such claim exists in the HHS Claims Office's database. [Doc. 4-1 ¶¶ 2-4]. Again, on a factual challenge to jurisdiction, the Court can consider extrinsic evidence such as affidavits and is free to weigh the facts. *Houston*, 733 F.3d at 1336. Burnam has not responded

to this argument and there is no evidence before the Court that Burnam did, in fact, go through the requisite administrative process by submitting a claim or otherwise exhausting his administrative remedies. As such, Burnam has not established that jurisdiction exists. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) ("In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists."). The Court is therefore without power in this cause. *Turner*, 514 F.3d at 1200 ("Because '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject matter jurisdiction over prematurely filed suits.") (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). Having determined that the Court lacks subject matter jurisdiction, it is without jurisdiction to consider whether the complaint states a claim for relief.

## IV. CONCLUSION

Because Burnam has failed to exhaust administrative remedies, as required by the FTCA, the Court lacks subject matter jurisdiction.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim [Doc. 5] is **GRANTED**.

2. The Complaint is **DISMISSED** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Tampa, Florida on November 2, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record and Unrepresented Parties, if any